```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


TIMOTHY L. KROH,              : **CIVIL NO: 1:CV-07-0686**
Administrator of the Estate   :
of April M. Erdman,           : (Judge Conner)
                              :
          Plaintiff           : (Magistrate Judge Smyser)
                              :
    v.                        :
                              :
NORFOLK SOUTHERN RAILWAY      :
COMPANY and NORFOLK           :
SOUTHERN CORPORATION,         :
                              :
          Defendants          :
```

**REPORT AND RECOMMENDATION**

The complaint states a wrongful death claim and a survival action claim. The claims arise from the death of April M. Erdman on October 28, 2005. Her father, Timothy L. Kroh, a Pennsylvania resident is the Administrator of her estate. The defendants, Norfolk Southern Railway Company and Norfolk Southern Corporation, are Virginia corporations.

The complaint states that April M. Erdman was operating a Mercury sedan traveling on Walter Street in Dalmatia Borough. The Norfolk Southern Railway Company train and the Mercury sedan collided at a high rate of speed in Dalmatia Borough.

The complaint alleges that defendants' train was operated at an unreasonably high rate of speed at the Walter Street crossing, that the defendants had permitted a dangerous intersection to exist, that the defendants had failed to warn of a dangerous intersection, that the defendants had failed to give timely and adequate warning of the train traveling in the area of the accident, that the defendants had failed to maintain the intersection in a reasonable manner to provide better visibility, and that the defendants in other ways failed to afford due care.

The plaintiff filed an amended complaint on July 6, 2007 (Doc. 16), adding as a theory of negligence that the defendants failed to slow or stop the train to avoid the collision.

The defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) on July 17, 2007. (Doc. 18).  A supporting brief was filed. (Doc. 19).  A brief in opposition was filed on August 1, 2007. (Doc. 21).  The defendants' motion to dismiss the amended complaint asks the court to dismiss the plaintiff's claim that the defendants were negligent in that the train was being operated at an unreasonably high rate of speed.  They argue that relief can

2

not be granted upon this claim because a claim of speeding or excessive speeding by a railroad train is preempted under federal law.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.

The defendants base the present Rule 12(b)(6) motion upon *CSX Transportation, Inc. v. Easterwood,* 507 U.S. 658 (1993).

3

The Court in that case applied 45 U.S.C.A. § 434, now recodified as 49 U.S.C.A. § 20106, in addressing a question whether a state law cause of action involving a railroad company defendant was preempted by the Federal Railroad Safety Act ("FRSA"). This section, as most recently amended by PL 110-53, August 3, 2007, 121 Stat 266, provides:

> (a) NATIONAL UNIFORMITY OF REGULATION.
>
>> (1) Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable.
>>
>> (2) A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety or security when the law, regulation, or order--
>>> (A) is necessary to eliminate or reduce an essentially local safety or security hazard;
>>> (B) is not incompatible with a law, regulation, or order of the United States Government; and

>> (C) does not unreasonably burden interstate commerce.

> (b) CLARIFICATION REGARDING STATE LAW CAUSES OF ACTION.

>> (1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party--
>>> (A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of this section;
>>> (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or
>>> (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

>> (2) This subsection shall apply to all pending State law causes of action arising from events or activities occurring on or after January 18, 2002.

> (c) JURISDICTION.--Nothing in this section creates a Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action.

5

The Court in *CSX Transportation, Inc.,* considering the applicability of the provision now codified in Section 20106 in the context of a wrongful death action involving a train-truck intersection collision and a claim of excessive train speed, noting a 60 mph regulatory maximum speed set by a regulation promulgated pursuant to FRSA and that the train in that case was by the plaintiff's concession traveling at a speed less than 60 mph, unanimously upheld that federal preemption was correctly applied as to a negligence cause of action based upon an assertion of an excessive rate of train speed.

The plaintiff opposes the motion to dismiss the excessive rate here because here the maximum FSRA allowed operating speed for the class of track upon which the defendants' train was operating at the time of the accident does not yet appear as a fact of record and because the rate of speed at which the defendants' train was traveling does not yet appear as a fact of record.  We agree with the plaintiff that these facts must be known or assumed to answer the preemption question.

The defendants' reply brief does not in our view either meet or defeat the plaintiff's argument that the applicability of the preemption doctrine involves a factual predicate - that

6

the train is not exceeding the FRSA mandated speed limit - and that in this case (unlike in *CSX Transportation, Inc.*) the factual predicate is not established and undisputed.  Moreover, the defendants do not address the amended text of Section 20106.  The **Clarification Regarding State Law Causes of Action** provision added in the recently revised statute does not appear to provide any reduction of the circumstances in which a plaintiff may be able to pursue a cause of action based upon an alleged excessive rate of speed.

    Therefore, it is recommended that the defendants' motion to dismiss the amended complaint be denied and that the case be remanded to this magistrate judge.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   August 14, 2007.

7