IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY KROH**, Administrator of the Estate of April M. Erdman, | : CIVIL ACTION NO. 1:07-CV-0686<br>:<br>: (Judge Conner) |
| **Plaintiff** | : |
| v. | : |
| **NORFOLK SOUTHERN RAILWAY COMPANY and NORFOLK SOUTHERN CORPORATION**, | : |
| **Defendants** | : |

## <u>ORDER</u>

AND NOW, this 3rd day of November, 2008, upon consideration of the report of the magistrate judge (Doc. 66), recommending that defendants' motion for summary judgment[1] (Doc. 35) be granted in part and denied in part, to which all parties filed objections (Docs. 73, 75), and, following an independent review of the record, it appearing that plaintiff's claim of excessive speed is preempted by the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20106(a), <u>see</u> <u>CSX Transp., Inc. v.</u>

---

[1] Summary judgment should be granted "if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Material facts are those that "might affect the outcome of the suit under governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A "genuine issue" exists "if a reasonable jury could possibly hold in the nonmovant's favor with regard to that issue." <u>Boyle v. County of Allegheny Pennsylvania</u>, 139 F.3d 386, 393 (3d Cir. 1998). The court must consider all facts and justifiable inferences in the light most favorable to the non-moving party. <u>Kline v. First W. Gov't Sec., Inc.</u>, 24 F.3d 480, 481-82 (3d Cir. 1994).

Easterwood, 507 U.S. 658, 675 (1993), and that FRSA has no preemptive effect on the negligence claim associated with defendants' alleged failure to slow or stop the train prior to the collision with plaintiff's vehicle,[2] see Bouchard v. CSX Transp., Inc., 196 F. App'x 65, 72 (3d Cir. 2006) (observing that "the 'specific, individual hazard' exception [to FRSA preemption] applies only where the plaintiff asserts that the defendant was negligent in failing to slow or stop a train"), and the court concluding that genuine issues of material fact exist regarding, *inter alia*, when the train operators should have slowed the train after observing plaintiff's vehicle approaching the railroad tracks, when the train operators sounded the train's horn in relation to when they perceived her vehicle, and the location and extent of

---

[2] The negligence claim arising from defendants' failure to slow or stop the train is, in fact, a demand for relief under two alternate theories of liability. (See Doc. 66 at 9-10.) First, the claim seeks relief on the ground that defendants could not stop the train because it was traveling at an excessive speed. This theory of the claim is preempted by FRSA because it merely repackages plaintiff's excessive speed claim. Alternatively, the claim seeks relief on the ground that defendants failed to slow or stop the train in response to a local hazard. FRSA does not preempt claims arising out of a "specific, individual hazard" or a "unique, local condition." See 49 U.S.C. § 20106(a)(2) (providing that claims relating to an "essentially local safety or security hazard" are not preempted by FRSA); Easterwood, 507 U.S. at 675 n.15 (acknowledging without ruling on plaintiff's claim that defendant failed to stop or slow a train "to avoid a specific, individual hazard"); Shaup v. Fredrickson, No. CIV. A. 97-7260, 1998 WL 726650, at *11-12 (E.D. Pa. Oct. 16, 1998) (discussing "unique, local conditions" that are not preempted by FRSA and concluding that the plaintiff's claim that the defendants negligently failed to slow or stop train after "having the opportunity to realize and appreciate [plaintiff's] danger" was not preempted). Under this theory, plaintiff seeks to recover based upon defendants' alleged negligence in responding to the local hazard posed by her automobile. The claim is based not on the train's rate of speed but upon defendants' alleged failure to respond appropriately to the unique factual circumstances presented by plaintiff's operation of her vehicle. See Shaup, 1998 WL 726650, at *11-12 (drawing the same distinction on similar facts). As such, liability under this theory is not preempted by FRSA, and defendants' motion for summary judgment (Doc. 35) will be denied with respect to this claim.

vegetation in the area surrounding the site of the collision, and the court further concluding that the extent of plaintiff's comparative negligence for failure to stop at the railroad crossing or to look for oncoming trains presents factual issues to be resolved by a jury, see 42 PA. CONS. STAT. § 7102 (barring recovery by a plaintiff whose negligence exceeds that of defendants); Bouchard, 196 F. App'x at 69-70 (concluding that the court could not determine plaintiff's comparative negligence as a matter of law when the material question was whether plaintiff failed to "stop, look, and listen" at a railroad crossing), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 66) is ADOPTED.

2. Defendants' motion for summary judgment (Doc. 35) is GRANTED in part and DENIED in part as follows:

   a. Defendants' motion for summary judgment is GRANTED with respect to plaintiff's claim that the train was traveling at an excessive speed at the time of its collision with her automobile.

   b. The motion is otherwise DENIED.

3. A revised pre-trial and trial schedule shall issue by future order of court.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge