## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY L. KROH**, administrator | : | **CIVIL ACTION NO. 1:07-CV-0686** |
| of the estate of April M. Erdman, | : | |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **NORFOLK SOUTHERN RAILWAY** | : | |
| **COMPANY and NORFOLK** | : | |
| **SOUTHERN CORPORATION,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

The instant matter arises from a collision between a vehicle driven by plaintiff's decedent, April Erdman ("Erdman") and a locomotive operated by defendants at a private railroad crossing in Dalmatia, Pennsylvania on October 28, 2005. Presently before the court is plaintiff's motion in limine (Doc. 57) to exclude evidence that Erdman and witness Daniel Maurer ("Maurer") consumed alcohol at a bar the evening prior to the collision, that Maurer consumed alcohol on the day of the collision, and that Erdman's vehicle contained a case of beer at the time of impact. Plaintiff also moves to exclude evidence that Erdman's driver's license was suspended, of her poor driving record, and of certain statements that she made to insurance agents when applying for automotive insurance. The court will address these issues *seriatim*.

A. **Alcohol-Related Evidence**

Plaintiff moves to exclude evidence that Erdman and Maurer were at a bar consuming alcohol until approximately 2:00 a.m. on the night before the accident. Erdman awoke at approximately 8:00 a.m the next morning, prepared breakfast, and babysat for several hours. During the afternoon, she assisted Maurer in packing and relocating to a new residence, and the hatchback area of her vehicle contained many of his belongings, including a case of beer. She was transporting his belongings at 3:15 p.m., when the collision occurred. Her blood alcohol content was 0.012%.[1]

Plaintiff seeks to exclude alcohol-related evidence on the grounds that it is irrelevant and prejudicial. Defendants wish to introduce testimony that Erdman retired at a late hour and arose early to establish her mental acuity at the time of the accident. They seek to introduce evidence of the case of beer to impeach the testimony of plaintiff's biomechanical expert, who has opined that the impact of the locomotive propelled Erdman over the vehicle's front and back seats and out the rear window. Defendants plan to rebut this theory with evidence that the vehicle's contents, including the case of beer, obstructed this trajectory.

1. **Alcohol Consumption on the Evening Prior to the Accident**

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to

---

[1]The parties have stipulated that they will not offer evidence of Erdman's blood alcohol content. (See Doc. 58, Ex. A.)

the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  All relevant evidence is admissible unless otherwise excluded by federal law.  Id. R. 402.  Nevertheless, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Id. R. 403.

In the instant matter, the court will exclude evidence that Erdman and Maurer consumed alcohol at a bar during the evening before the accident.  Neither party contends that Erdman's alcohol consumption more than twelve hours prior to the collision impaired her ability to operate a vehicle during the afternoon of October 28, 2005.  Moreover, introduction of this evidence creates a strong likelihood of prejudice and confusion of the issues.  Indeed, in the personal injury context, there are few evidentiary matters more inflammatory than the suggestion of alcohol consumption.  Any evidence that Erdman consumed alcohol or was transporting alcohol could create an unsupported inference that she was impaired at the time of the accident.  It could also cause jurors to harbor unwarranted bias against plaintiff based exclusively upon her alcohol consumption at a time and place unrelated to the collision.  The probative value of this evidence is substantially outweighed by its prejudicial effect, and it will be excluded pursuant to Rule 403.

However, the short duration of Erdman's slumber the night before the collision and the tiring nature of her activities the next day are probative of her mental alertness and her ability to respond to the events at the time of the collision.

See Thompson v. Austin, 272 F. App'x 188, 193 (3d Cir. 2008) ("[T]he physical state of a driver involved in a traffic accident is relevant evidence."); Hill v. USA Truck, Inc., No. 8:06-CV-1010, 2007 WL 1574545, at *9 (D.S.C. May 30, 2007) (admitting logbooks of tractor-trailer driver as evidence of driver fatigue, which is relevant in a traffic accident case). The jury may consider such evidence to assess whether she possessed the mental ability to respond to the rapidly approaching locomotive the moments before the crash. This evidence will not result in undue prejudice plaintiff because the jury may properly consider Erdman's physical and mental condition at the time of impact. Thompson, 272 F. App'x at 193. Accordingly, defendants may offer evidence of the hour at which Erdman went to sleep and the time when she arose but may not present evidence of her alcohol consumption on the night before the collision.[2]

### 2.   The Case of Beer in Erdman's Automobile

The case of beer in the hatchback area of Erdman's vehicle will likewise be excluded pursuant to Rule 403. Alcohol use is not in issue, and reference to the beer would cause the jury to speculate unwarrantedly about the cause of the collision. Like Erdman and Maurer's alcohol consumption the previous evening,

---

[2]Plaintiff also seeks to prevent defendants from questioning Maurer about whether he consumed alcohol on the day of the collision. Defendants have not responded to this issue, and there is no foundation for such questioning in the record. Rather, Maurer affirmed during his deposition that he and Erdman "had not been drinking or doing any drugs on the day of this incident." (Doc. 69, app. 1 at 34.) Defendants will therefore be prevented from questioning Maurer about his alcohol intake on the day of the collision.

this evidence poses a significant risk of inflaming juror bias against plaintiff.

Moreover, the contents of the case of beer is not essential to defendants' case.

Defendants rely upon this evidence to demonstrate that objects in plaintiffs'

automobile prevented her from exiting the vehicle via the trajectory proposed by

plaintiff's expert.  Specific identification of the beer case is not necessary to this

testimony because defendants possess evidence that the hatchback area of

Erdman's vehicle was occupied by numerous objects, including small articles of

furniture, clothing, and Maurer's personal effects.  (Doc. 67 at 5; Doc. 69, app. 1 at

21-21.)  If the case of beer constitutes an essential component of defendant's cross-

examination, they may impeach plaintiff's expert by describing the approximate

dimensions and weight of the container without mentioning its contents.

Accordingly, evidence of the contents of the case of beer will be excluded.

Defendants may describe the box or container by reference to its approximate size

and weight.

### B.   **Evidence Associated with Erdman's Driving Record**

Plaintiff seeks to bar evidence that Erdman was driving with a suspended

license at the time of the collision, of her poor driving record, and of statements she

made to insurance agents to obtain automotive liability insurance.  Each of these

types of evidence will be excluded.

### 1.   **Erdman's Driving Record and Suspended License**

Erdman's driving record reflects a variety of infractions over a period of five

years, inclucing speeding, failure to stop at a red light, driving with a suspended

license, and underage alcohol consumption.  (Doc. 69, app. 3.)  Her license was suspended at the time of the collision for failure to pay child support.  Defendants seek to admit Erdman's driving record and suspended license as habit evidence that she was an impatient driver.  Plaintiff argues that the records should be excluded as improper evidence of prior acts under Rule 404(b).

Habit evidence may be admitted to "prove that the conduct of the person or organization on a particular occasion was in conformity with . . . habit or routine practice."  FED. R. EVID. 406.  The evidence must describe a "person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving.  The doing of the habitual acts may become semi-automatic."  Becker v. ARCO Chem. Co., 207 F.3d 176, 204 (3d Cir. 2000) (quoting FED. R. EVID. 406 advisory committee's note).

Prior acts that fail to qualify as habit evidence may be excluded under Rule 404(b) if a party offers them merely to suggest that a person acted in conformity with his or her prior conduct under the circumstances of a particular case.  See FED. R. EVID. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").  The rule prevents a litigant from offering evidence of a person's prior acts solely to create an inference that the person possesses a "propensity or disposition for

6

certain activity." <u>Ansell v. Green Acres Contracting Co.</u>, 347 F.3d 515, 520 (3d Cir. 2003).

In the instant case, Erdman's driving records and suspended license fail to qualify as habit evidence. No railroad-related infraction appears anywhere in her driving records, and the records do not demonstrate that Erdman engaged in a pattern of predictable, semi-automatic conduct whenever she crossed railroad tracks. Her record and suspended license therefore fail to establish that she possessed a habit of maneuvering her vehicle in a particular manner when crossing railroad tracks. Rather, such evidence would likely cause the jury to conclude that she had a propensity to drive recklessly on the day of the collision merely because her driving history documents multiple negligent or reckless acts. This is the quintessential type of evidence prohibited by Rule 404(b). Accordingly, evidence of Erdman's prior driving records will be excluded.

## 2. __Statements to Insurance Agents__

Finally, plaintiff seeks to exclude statements that Erdman made to insurance agents when obtaining automotive liability insurance. Due to Erdman's poor driving record, her policy excluded coverage for any accident that occurred while she was operating the vehicle. (<u>See</u> Doc. 69, app. 4.) She obtained the policy by informing insurance agents that she would not drive the vehicle and that her friend, Melissa Hauck, would use it to transport her as a passenger. (<u>See</u> Doc. 69, app. 5 at 39-40.) Defendants seek to admit these statements as evidence that defendant displayed a "complete disregard for the rules of the road." (Doc. 67 at 12.)

This evidence is substantially prejudicial to plaintiff. Erdman's statements to insurance agents fail to illuminate the manner in which she operated her vehicle at the time of the collision and are therefore irrelevant. Further, admission of the statements would invite the jury to rely upon Erdman's status as an uninsurable driver to conclude that she acted negligently at the time of the collision.[3] Erdman's statements, which are temporally and conceptually distant from the collision, do not support such conjecture. Any marginal probative value is substantially outweighed by the likelihood of prejudice and juror confusion. See FED. R. EVID. 403. These statements will therefore be excluded from evidence.

C.   **Conclusion**

Reference to Erdman and Maurer's alcohol consumption the evening before the accident and the case of beer in Erdman's vehicle will be prohibited. Defendants will be permitted to present testimony about the amount of time Erdman slept during the night prior to the collision. They may describe the container of beer by reference to its size and weight. Evidence of Erdman's suspended license, driving record, and statements to insurance agents will be excluded in all forms.

---

[3]Plaintiff contends that Rule 411, which governs admissibility of liability insurance policies, does not require exclusion of Erdman's statements. In light of the conclusion that the statements are prejudicial, the court need not address Rule 411's applicability to the instant case.

An appropriate order follows.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      January 27, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIMOTHY L. KROH, administrator** | : | **CIVIL ACTION NO. 1:07-CV-0686** |
| **of the estate of April M. Erdman,** | : | |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **NORFOLK SOUTHERN RAILWAY** | : | |
| **COMPANY and NORFOLK** | : | |
| **SOUTHERN CORPORATION,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 27th day of January, upon consideration of plaintiff's motion

in limine (Doc. 57), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1.  The motion (Doc. 57) is GRANTED.  Evidence of the following shall be
    excluded at trial:

    a.  April Erdman ("Erdman") and Daniel Maurer's ("Maurer")
        alcohol consumption on the night prior to the collision between
        Erdman's vehicle and defendants' locomotive.

    b.  The presence of a case of beer in the hatchback area of
        Erdman's vehicle at the time of the collision.

    c.  Questioning of Maurer about his alcohol use on the day of the
        collision.

    d.  Erdman's driving record, suspended license, and statements
        made to insurance agents for the purpose of obtaining
        automotive insurance.

2.   This order shall not prevent defendants from offering evidence of the following:

    a.   The hour at which Erdman went to sleep on the evening prior to the collision and the time at which she awoke.

    b.   A description of the dimensions and weight of the case of beer located in the hatchback area of Erdman's vehicle.  Any such description may not mention that the case contained alcohol.

           S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge